IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Petitioner,

Vs.                                     No. 05-40003-01-SAC
                                            No. 11-4181-SAC

TANZITARO GUERRERO,

        Respondent.

MEMORANDUM AND ORDER

The petitioner Tanzitaro Guerrero, an inmate of the Federal Correctional Institution, Lompoc California, filed a petition for habeas corpus relief in the United States District Court for the Central District of California, the district of his confinement. Seeking relief pursuant to 28 U.S.C. §§ 2241--2255, the petitioner relies principally on § 2241 in asking for a writ of error while claiming that other habeas corpus relief is an unavailable remedy because the sentencing court had already "barred and sanctioned" him for filing "frivolous motions." (Dk. 136, p. 3). The federal court in California issued a minute order that characterized the petitioner's motion as brought under 28 U.S.C. § 2255[1] and gave the petitioner the opportunity to respond

---

[1] The court found that the petition advanced several claims, including: "the grand jury assertedly failed to make a sufficient finding regarding drug quantity, Petitioner's sentence allegedly is disproportionately severe; the Government allegedly engaged in outrageous conduct; the sentencing court allegedly misapplied the sentencing guidelines; the sentencing court allegedly violated the principles of Apprendi v New Jersey, 530 U.S. 466

and/or dismiss the petition. Mr. Guerrero filed no response within the permitted time, and the district court concluded the motion did not come within the savings clause of § 2241 as the petitioner could not show either actual innocence or the denial of a procedural opportunity to present a § 2255 motion. (No. 11-3195, Dk. 5, pp. 7-10). So, lacking jurisdiction to decide a § 2255 motion, the California federal district court transferred it to the District of Kansas while noting:

> It may well be that the one-year statute of limitations bars the present action, given the fact that Petitioner's direct appeal concluded in 2007. It is unknown to this Court, however, whether principles of tolling might rescue the present action from the bar of limitations. The United States District Court for the District of Kansas, the court most familiar with the procedural background and the underlying facts of this matter, should decide any statute of limitations issues in the first instance.

*Id.* at pp. 10-11. Mr. Guerrero's petition, now properly filed as a motion for relief under § 2255, is ripe for decision by the sentencing court. (Dk. 136).

The terms of 28 U.S.C. § 2255(f) impose a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir.2003). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006); see 28 U.S.C. § 2255(f)(1) (The limitation period runs "from … the date on which the

---

(2000); and Petitioner's counsel allegedly was ineffective in various respects." (No. 11-3195, Dk. 5, p. 2).

2

judgment of conviction becomes final."). When a direct appeal is taken, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

The defendant entered a conditional plea of guilty in August of 2005 and reserved the right to appeal the district court's suppression rulings. The district court sentenced Guerrero to 120 months' imprisonment, and he directly appealed the suppression ruling. The Tenth Circuit affirmed and filed its judgment on January 2, 2007. The time for filing a petition for certiorari expired ninety days later without Guerrero filing one. The one-year limitations period for Guerrero to file a § 2255 motion ended in April of 2008. The current petition was filed September 23, 2011, well over three years after the limitation period expired.

The one-year statute of limitations is subject to equitable tolling but only "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001)). The Tenth Circuit has observed:

Equitable tolling would be appropriate, for example, when a prisoner is

> actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.... Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law ... is not enough to support equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). The burden of proving that equitable tolling should apply rests with the petitioner. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998).

In May of 2010, this court denied the petitions for writ of error audita querala filed by Guerrero and his co-defendant, Alfredo Torres. The court noted:

> Twenty-two months after the Tenth Circuit's mandate, the defendant Torres filed a motion to vacate under 28 U.S.C. § 2255 in May of 2009. (Dk. 99). The district court dismissed the § 2255 motion as barred by the one-year statute of limitations and denied the defendant Torres a certificate of appealability. (Dk. 110). Since the Tenth Circuit's mandate in January of 2007, the defendant Guerrero has not filed a motion seeking post-conviction relief.

(Dk. 114, p. 2). This order plainly put Guerrero on notice that with any § 2255 filing he would face a serious statute of limitations hurdle. The federal court in California pointed out this same problem in its order filed November 9, 2011. Notwithstanding these known circumstances, Guerrero filed his petition without presenting any arguable circumstances for equitable tolling and without supplementing his petition once this action was characterized as brought under § 2255 and transferred here.

4

Guerrero's petition includes a blanket assertion of "actual innocence" in an effort to avoid any procedural or substantive bars. Guerrero here is not alleging factual innocence but rather that his sentence and conviction is unconstitutional under *Apprendi*. The Tenth Circuit has soundly rejected this argument for equitable tolling:

> "Equitable tolling would be appropriate … when a prisoner is actually innocent." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). As the district court explained, however, Mr. Morales–Ramirez did "not allege that he did not commit the charged conduct; instead he argues that, under *Apprendi v. New Jersey*, his indictment was defective." R. at 51. The district court therefore determined that Mr. Morales–Ramirez's argument under *Apprendi* "fails to establish that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). As we have noted, actual innocence means factual innocence, *see United States v. Gabaldon*, 522 F.3d 1121, 1124 n. 2 (10th Cir. 2008), and the district court here correctly recognized that Mr. Morales–Ramirez's argument implicated legal innocence, not factual innocence.

*United States v. Morales-Ramirez*, 2011 WL 2559020 at *2 (10th Cir. Jun. 29, 2011). For these reasons, the court dismisses Guerrero's § 2255 petition as barred by the limitations period for which there are no arguable circumstances to support equitable tolling.

As required by recent amendments to Rule 11 of the Rules Governing Section 2255 Proceedings, the court will consider in this final order whether to issue a certificate of appealability. Because the court denied movant's § 2255 petition on procedural grounds without reaching the merits of his claims, the appellant to obtain a COA must demonstrate "that

5

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The untimeliness of the movant's petition is a plain procedural bar. The movant has not articulated any debatable ground for equitable tolling cognizable under Tenth Circuit precedent. Without this showing, the court must deny the defendant's request for a certificate of appealability.

IT IS THEREFORE ORDERED that the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Dk. 136) is dismissed as barred by the applicable statute of limitations, and the defendant is denied a certificate of appealability.

Dated this 13th day of December, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge